IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL T. WASHINGTON, §
§ No. 435, 2023
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0909018475A, B (N)
STATE OF DELAWARE, §
§
Appellee. §
§

Submitted: January 23, 2024
Decided: February 27, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record,[1] we conclude that the Superior

---

[1] The Court has also reviewed the documents that the appellant submitted after the State filed its motion to affirm—which include documents filed on January 29, 2024, February 5, 2024, and February 7, 2024—and has determined that they do not change the result. Moreover, the appellant is incorrect that the State's motion to affirm, filed January 23, 2024, was untimely because it was filed more than ten days after the opening brief was filed on January 10, 2024. *See* DEL. SUPR. CT. R. 25(a) (authorizing service and filing of motion to affirm within ten days after service of opening brief); *id.* R. 11(a) (providing that "[i]n computing any period of time prescribed or allowed by these Rules . . ., the day of the act, event or default after which the designated period of time begins to run shall not be included" and the "last day of the period so computed shall be included, unless it is a Saturday or Sunday, or other legal holiday, or other day on which the office of the Clerk is closed, in which event the period shall run until the end of the next day on which the office of the Clerk is open"); *id.* R. 11(c) ("Whenever a participant has the right to or is required to do some act or take some proceeding within a prescribed period after being served and service is made by mail or by eFiling, 3 days shall be added to the prescribed period. The additional 3 day period applies only as to acts taken by participants and does not apply to actions taken by the Court.").

Court judgment should be affirmed on the basis of and for the reasons assigned in the Superior Court's October 30, 2023 order[2] and the Superior Court's November 14, 2023 order denying reargument or reconsideration of the October 30, 2023 order. We warn the appellant that if he continues to file appeals from orders dismissing untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ N. Christopher Griffiths*
Justice

---

[2] *State v. Washington*, 2023 WL 7140800 (Del. Oct. 30, 2023).

2